| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------X

KEVIN REAVES,

                                 Plaintiff,

                              - against -

SUPREME COURT, STATE OF NEW YORK,
SECOND JUDICIAL DISTRICT, *et al.*,

                              Defendants.

------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

17 Civ. 1693 (BMC)

**COGAN**, District Judge.

      Plaintiff Kevin Reaves, proceeding *pro se* and currently incarcerated at Five Points Correctional Facility, filed this 42 U.S.C. § 1983 action on behalf of himself and others similarly situated, alleging that defendants have deprived him, as an indigent New York State prisoner, of his rights under the Eighth and Fourteenth Amendments, as well as the Constitution's Guarantee Clause, arising from the manner in which the judge-defendants have constructed the parameters of collateral review under New York Criminal Procedure Law § 440.10 ("CPL § 440.10").[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order and dismisses the complaint for the following reasons.

## BACKGROUND

      On February 15, 2011, plaintiff was convicted of attempted murder in the second degree and criminal possession of a weapon in the second degree. The Appellate Division affirmed plaintiff's conviction, and the New York Court of Appeals denied leave to appeal, People v.

---

[1] Plaintiff has sued every judge of the Supreme Court of the State of New York for the Second Judicial District, including those on the Appellate Division, Second Department, as well as every judge of the New York Court of Appeals.

Reaves, 112 A.D.3d 746, 976 N.Y.S.2d 228 (2nd Dep't 2013), leave to app. denied, 22 N.Y.3d 1202, 986 N.Y.S.2d 422 (2014) (table). Plaintiff also filed a post-conviction motion, pursuant to CPL § 440.10, alleging, *inter alia*, ineffective assistance of trial counsel. The CPL § 440.10 court held that all but one of his arguments were procedurally barred and the remaining argument was without merit. The Appellate Division denied leave to appeal. Finally, plaintiff also sought *coram nobis* relief from the Appellate Division, contending that his appellate counsel was ineffective. The Appellate Division denied his motion, and the Court of Appeals denied leave to appeal. People v. Reaves, 134 A.D.3d 1133, 21 N.Y.S.3d 632 (2nd Dep't 2015), leave to app. denied, 27 N.Y.3d 1005, 38 N.Y.S.3d 114 (2016) (table).

Plaintiff also sought federal habeas review, having filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging this conviction. By Memorandum Decision and Order dated June 15, 2016, I denied the petition, and subsequently denied a motion for reconsideration. The United States Court of Appeals for the Second Circuit denied a certificate of appealability and dismissed the appeal. Reaves v. Superintendent of Five Points Corr. Facility, No. 16 Civ. 2221, 2016 WL 3351008 (E.D.N.Y. June 15, 2016); 2016 WL 4742282, at *1 (E.D.N.Y. Sept. 12, 2016) (reconsideration), app. dismissed, Reaves v. Superintendent of Five Points Corr. Facility, No. 16-2553 (2d Cir. Jan. 12. 2017) (Mandate).

In this complaint, plaintiff alleges that defendants deprived him – and others like him – of his constitutional rights when they denied to assign him counsel for his CPL § 440.10 motion on his ineffective assistance of trial counsel arguments and that they deny such rights prospectively through their failure to appoint counsel to indigent prisoners litigating their initial ineffective counsel claims. He seeks "declaratory and prospective injunctive relief directing defendants to assign counsel to indigent prisoners raising initial-review claims under CPL § 440.10(1)(h)."

**DISCUSSION**

The Prison Litigation Reform Act (the "PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but in fact mandatory). Similarly, pursuant to the *in forma pauperis* statute, the Court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To sustain a claim brought under § 1983, plaintiff must allege that (1) "the conduct complained of . . . [was] committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived

. . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

**I.    *Pro Se* Litigants Proceeding on Behalf of Others.**

Plaintiff is a non-attorney proceeding *pro se* purporting to represent other similarly situated persons; however, plaintiff may not bring these claims on behalf of others without a lawyer. See 28 U.S.C. § 1654; Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) ("[A]n individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally, [but] the statute does not permit unlicensed laymen to represent anyone else other than themselves."); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (holding that an unlicensed individual "may not appear on another person's behalf in the other's cause"). Thus, any claims as to other unnamed plaintiffs are dismissed without prejudice. See 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii). Plaintiff's class action certification request, to the degree he expresses one, is denied as moot.

**II.    Section 1983 Claims Against Judicial Officers.**

It is also well-settled precedent that judges have absolute immunity for their judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Rodriguez v. Weprin, 116 F.3d 62, 67 (2d Cir. 1997). Although the Supreme Court previously held that absolute judicial immunity did not bar claims for prospective declaratory or injunctive relief, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), Congress effectively reversed the Supreme Court with regard to injunctive relief by enacting the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983). As amended, § 1983 now provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

4

violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Because there is no declaratory decree that the judges are violating or any statement regarding the unavailability of declaratory relief, prospective injunctive relief is barred. See, e.g., Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (Because "Montero . . . alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief," "[his] claim for injunctive relief is therefore barred under § 1983.").

To the extent plaintiff seeks prospective declaratory relief, *i.e.*, a declaration that the Constitution affords him a right to post-conviction counsel, that claim is not barred by judicial immunity, see B.D.S. v. Southold Union Free Sch. Dist., 2009 WL 1875942, at *20 (E.D.N.Y. June 24, 2009) ("[T]he doctrine of absolute immunity does not extend to claims for declaratory relief based upon continuing violations of federal law."). However, as discussed in the next section, such a claim fails.

### III. No Right to Assigned Counsel in Post-Conviction Proceedings.

Finally, plaintiff has no federal constitutional right to appointed counsel in any post-conviction proceeding, including a CPL § 440.10 motion, which is a collateral proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 556 (1987) (prisoner had no equal protection or due process right to appointed counsel in post-conviction collateral proceeding); Carranza v. United States, 794 F.3d 237, 242 (2d Cir. 2015) (same); Pratt v. Upstate Corr. Facility, 413 F. Supp. 2d 228, 249-50 (W.D.N.Y. 2006) ("[Petitioner] had no constitutional right under the federal constitution to have counsel appointed to represent him in connection with a collateral motion to vacate the judgment pursuant to § 440.10 of New York's Criminal Procedure Law."). Therefore, plaintiff fails to state a plausible claim under § 1983 that he was deprived of a constitutional right or that he is entitled to prospective declaratory relief.

## **CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim.  See 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  The Court has considered whether to grant plaintiff further leave to amend his complaint and determines that amendment here would be futile.  See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

The Clerk is directed to enter judgment, dismissing the complaint.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment dismissing this action and to close this case.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       April 12, 2017